## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SAMUEL LEWIS TAYLOR,           )
                               )
            Plaintiff,         )
                               )
    v.                         )        Case No.   4:13-CV-1065-CEJ
                               )
UNKNOWN HULL, et al.,          )
                               )
            Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis [Doc. #2]. Plaintiff, a prisoner, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1]  As such, pursuant to 28 U.S.C. § 1915(g), the Court may not grant the motion unless plaintiff "is under imminent danger of serious physical injury."

### The Complaint

Plaintiff, an inmate at the Potosi Correctional Center (PCC), brings this action pursuant to 42 U.S.C. § 1983.  Named as defendants are Unknown Hall (a correctional officer), Unknown Milburn (a correctional officer), Unknown Ruble (a correctional officer), Heather Unknown (a nurse), Unknown Yancy (a nurse), and Troy Steel (the warden at PCC).  Plaintiff's claims arise out of an incident that occurred on June 3, 2012.  Plaintiff states that defendant Milburn "hit [him] over [his] middle finger very hard with [a] metal lock." In addition, defendant Hull allegedly hit plaintiff in the jaw and rammed his face into a concrete wall, resulting in three cracked or chipped teeth. Plaintiff states that defendant Yancy refused to provide him medical care on June 3, 2012, and

---

[1]See Taylor v. Purkett, Case No. 4:98-CV-170-ERW (E.D. Mo.); Taylor v. Wansing, Case No. 2:08-CV-4056-NKL (W.D.Mo.)); and Taylor v. Francis, Case No. 4:12-CV-613-TIA (E.D. Mo.).

defendant Heather Unknown refused to assist him on June 5, 2012. Plaintiff states that he was not seen by a dentist until June 14, 2012. Plaintiff does not assert any further claims or allegations.

### Discussion

After reviewing the complaint, the Court finds no allegations indicating that plaintiff was in imminent danger of serious physical injury at the time he signed the complaint on May 23, 2013. Plaintiff's allegations address past misconduct only. As such, the complaint does not satisfy the imminent danger requirement of § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). As a result, the Court will deny plaintiff's motion for in forma pauperis status and will dismiss this action, without prejudice to refiling as a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **denied**.

**IT IS FURTHER ORDERED** that this action is **dismissed**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE