# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:13-CV-1065-CEJ |
| UNKNOWN HULL, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit. *See Taylor v. Hull*, No. 13-3044 (8th Cir. 2013).

Plaintiff, Samuel Lewis Taylor (registration no. 166914), seeks leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court will grant plaintiff in forma pauperis status and assess an initial partial filing fee of $75.58. *See* 28 U.S.C. § 1915(b)(1). In addition, the Court will (1) dismiss plaintiff's official capacity claims against all defendants; (2) dismiss this action as to defendant Troy Steele; and (3) order the Clerk to issue process as to defendants Unknown Hull, Unknown Milburn, Unknown Ruble, Unknown Yancy, and Heather Unknown in their individual capacities.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly

balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement [Doc. #24]. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $9.92 and an average monthly account balance of $377.88. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $75.58, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915

Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff,

2

unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25 (1992).

## The Complaint

Plaintiff, an inmate at the Crossroads Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 claiming a violation of his Eighth Amendment rights. Plaintiff's allegations arise out of his confinement at the Potosi Correctional Center ("PCC"). Named as defendants are Unknown Hull (a correctional officer at PCC), Unknown Milburn (a correctional officer at PCC), Unknown Ruble (a correctional officer at PCC), Heather Unknown (a Corizon nurse at PCC), Unknown Yancy (a Corizon nurse at PCC), and Troy Steele (the warden at PCC). Plaintiff is suing defendants in both their individual and official capacities.

Plaintiff alleges that on June 3, 2012, defendants Milburn and Hull physically assaulted him while he was in handcuffs, thereby causing serious physical injuries. Plaintiff further alleges that defendant Ruble "watched without interfering with [defendant] Milburn." Additionally, plaintiff claims that defendants Yancy and Heather failed to provide medical care for his serious and obvious injuries.

## Discussion

### I. Official Capacity Claims

Section 1983 provides that a person who, under color of state law, deprives an individual of his constitutional rights may be held liable for the deprivation. Bringing suit based on § 1983 against a government official (such as a prison correctional officer or warden) in his official capacity is the equivalent of bringing suit against the government entity that employs the official. *See Will v. Michigan Dep't of State Police*,

491 U.S. 58, 71 (1989). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* Therefore, plaintiff cannot maintain this action against the PCC defendants in their official capacity. Similarly, to state a claim against a Corizon employee in his official capacity, the plaintiff must allege that a policy or custom of the employer was responsible for the alleged constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. For these reasons, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendants in their official capacities.

## II. Remaining Claims

The Court finds that plaintiff's allegations are sufficient to state a claim under the Eighth Amendment against defendants Hull, Milburn, Ruble, Yancy, and Heather in their individual capacities. As such, the Court will direct that process be issued as to these defendants and will instruct these defendants to respond to the complaint. The complaint will be dismissed as to defendant Troy Steele, because plaintiff has failed to make any allegations or assert any claims against him. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (§ 1983 claimant must allege facts supporting individual defendant's personal involvement or responsibility for unconstitutional action); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff is **granted** leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $75.58 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to the following defendants in their individual capacities: (1) "Unknown Hull," a correctional officer employed at PCC on June 3, 2012; (2) "Unknown Milburn," a correctional officer employed at PCC on June 3, 2012; (3) "Unknown Ruble," a correctional officer employed at PCC on June 3, 2012; (4) "Unknown Yancy," a Corizon nurse working at PCC on June 3, 2012; and (5) "Heather Unknown," a Corizon nurse working at PCC on June 5, 2012.

**IT IS FURTHER ORDERED** that defendants Unknown Hull, Unknown Milburn, Unknown Ruble, Unknown Yancy, and Heather Unknown, in their individual capacities, shall file an answer or other responsive pleading within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2).

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

A separate order of partial dismissal will accompany this Memorandum and Order.

Dated this 9th day of December, 2013.

_____
**UNITED STATES DISTRICT JUDGE**