# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SAMUEL LEWIS TAYLOR,      )
                                   )
         Plaintiff,        )
                                   )
        v.             )       No. 4:13-CV-1065-CEJ
                                   )
UNKNOWN HULL, et al.,        )
                                   )
        Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Bruce Milburn and Kenneth Ruble to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. #41]. For the reasons stated below, defendants' motion to dismiss will be denied.

### Background

Plaintiff, an inmate at the Crossroads Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights. Plaintiff's allegations arise out of his confinement at the Potosi Correctional Center ("PCC"). He alleges, *inter alia*, that on June 3, 2012, defendants Milburn and Hull physically assaulted him while he was in handcuffs, thereby causing plaintiff serious physical injuries. Plaintiff further alleges that defendant Ruble

"watched without interfering with [defendant] Milburn," and thereby failed to protect plaintiff. Plaintiff states on page four of his complaint that he exhausted the grievance procedures available at PCC prior to filing the instant action. Specifically, plaintiff states, "Completed the entire issues from IRR through grievance appeal" [Doc. #1, page 4].

In their motion to dismiss, defendants contend that plaintiff, in fact, did not complete the second stage of PCC's grievance procedure, and therefore, failed to exhaust his available administrative remedies, as required by the Prison Litigation Reform Act. Defendants have attached plaintiff's PCC grievance file as an exhibit to their memorandum in support of their motion to dismiss [Doc. #42-1]. Defendants contend that, although plaintiff was given a grievance form, it was never signed or returned to PCC staff, and therefore, plaintiff failed to fully exhaust his prison remedies.

## Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises . . . thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 555 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). On a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the non-moving party. *See* Fed.R.Civ.P. 12(b)(6); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court may only consider the pleading itself and documents referenced therein. Moreover, if a pleading contains sufficient factual matter, accepted as true, to show potential entitlement to relief, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal. *See, e.g., McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000).

## Discussion

Defendants contend that this action should be dismissed pursuant to Rule 12(b)(6), because plaintiff failed to complete the second stage of PCC's grievance procedure. Defendants rely upon and have attached to their motion to dismiss documents that are outside the pleadings; however, they have not moved in the alternative for summary judgment. Pursuant to Rule 12(d) of the Federal Rules of

Civil Procedure, the court has discretion to consider such materials in a Rule 12(b)(6) motion to dismiss and convert the motion to one for summary judgment. Here, however, in light of plaintiff's incarceration and pro se status, as well as the lack of any discovery to date, the court declines to consider the defendants' motion as one for summary judgment. *See Dowdy v. Hercules*, 2010 WL 169624 at *4 (E.D. N.Y. 2010) (refusing to convert Rule 12(b)(6) motion to a motion for summary judgment where plaintiff was a pro se prisoner and had not yet had an opportunity to conduct discovery); *see also Perez v. Hawk*, 302 F. Supp. 2d 9, 16 (E.D. N.Y. 2004) (same; where plaintiff was pro se prisoner asserting a *Bivens* claim for inadequate medical care).

Because defendants' motion to dismiss rests solely upon plaintiff's PCC grievance file, which has now been excluded from consideration, the Court finds no evidence to test the legal sufficiency of the complaint. Thus, at this time, and viewing plaintiff's allegations in a light most favorable to him, the Court will accept as true plaintiff's assertion that he completely exhausted the prison grievance procedures available to him at PCC prior to filing this action. For these reasons, defendants' motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #41]

is **DENIED**, without prejudice.

Dated this 13thday of February, 2014.

_____
UNITED STATES DISTRICT JUDGE