UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1065-CEJ |
| ) | |
| DAVID NULL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Heather Paul and Pamela Yancey to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, for summary judgment, pursuant to Fed. R. Civ. P. 56. The issues are fully briefed.

### I. Background

Plaintiff Samuel Lewis Taylor, a Missouri prisoner, brings this action pursuant to 42 U.S.C. § 1983, claiming violation of his Eighth Amendment right against cruel and unusual punishment by corrections officers and nurses at the Potosi Correctional Center (PCC). Plaintiff alleges that on June 3, 2012, he was assaulted by several corrections officers, resulting in injuries to his head, face, teeth, and middle finger. Plaintiff was taken to the prison medical center where defendant Yancey, a nurse employed by Corizon, Inc., "refused to provide medical attention to [plaintiff's] middle finger in which [sic] was quite swollen." *Complaint*, p. 15 [ECF Doc. # 1]. On June 5, 2012, after plaintiff submitted a medical service request, defendant Paul, also a Corizon nurse, came to plaintiff's cell. However, defendant

Paul "refused to come to [the] door to examine [plaintiff's] injuries or give [him] any pain medications or refer [him] to the doctor." *Id.*

In the complaint, plaintiff asserts a claim of excessive force against the corrections officers. His claim against defendants Paul and Yancey is that they were deliberately indifferent to his serious medical needs. Paul and Yancey move to dismiss or, alternatively, for summary judgment on the sole ground that plaintiff failed to exhaust available prison administrative remedies prior to filing suit.

**II. Discussion**

### A. Section 1983's Exhaustion Requirement

Paul and Yancey assert that plaintiff's § 1983 claims against them fail because he did not exhaust his intra-prison administrative remedies before filing suit. A prisoner's § 1983 claim for deliberate indifference to his medical needs may only proceed if the prisoner has first exhausted all of his available intra-prison administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Leach v. Moore*, 240 F. App'x 732, 733 (8th Cir. 2007) (per curiam).

Where, as here, a prisoner asserts multiple claims, he may only proceed in federal court on the *claims* that have been exhausted. However, "exhaustion is not *per se* inadequate simply because an *individual* later sued was not named in the grievances." *Jones*, 549 U.S. at 219 (emphasis added). Rather, "it is the prison's requirements, and not the [Prison Litigation Reform Act (PLRA)], that define the boundaries of proper exhaustion." *Id.* at 218. Thus, to decide whether a specific claim against a specific defendant was properly exhausted, the Court must look to the prison's grievance policy, and the facts, to determine: (1) the steps in the policy and whether the prisoner completed all of them; (2) whether the policy

2

requires the prisoner to identify a specific defendant in his grievance and, if so, whether he did; and (3) how specific the allegations in a grievance must be (and how specific they were in the grievance the prisoner filed) to constitute exhaustion of a particular claim later raised in a § 1983 suit against a specific defendant.

A prison's grievance policy may be ambiguous regarding the steps in the process, whether a prisoner is required to name every alleged perpetrator in his grievance, and how specific the prisoner must be about his claims. Likewise, what a prisoner in a particular instance did or failed to do with regard to any of those exhaustion inquiries might also be unclear. The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216. Instead, "the defendant has the burden to plead and to prove" a failure to exhaust. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (citation omitted). Therefore, Paul and Yancey bear the burden to plead and to prove that plaintiff did not follow all of the steps in the PCC's grievance procedure, or that plaintiff was required to name Paul and Yancey in his grievance but he failed to do so, or that plaintiff's grievance did not encompass claims of deliberate indifference to his medical needs.

### B. The PCC Grievance Procedure

The Missouri Department of Corrections (MDOC) has a uniform grievance procedure for all Missouri prisons, including PCC. The MDOC procedure consists of three stages. At the first stage, a prisoner presents his complaint by filing an Informal Resolution Request (IRR) within 15 days of the circumstances giving rise to the complaint. The IRR is then reviewed and a written response is given to the prisoner. At the second stage, a prisoner who is dissatisfied with the response to

3

the IRR may file an Offender Grievance within seven days of the conclusion of the entire IRR review process. The grievance is then reviewed and a written response is provided to the prisoner. Finally, at the third stage, a prisoner who is dissatisfied with the response to the grievance may file an Offender Grievance Appeal within seven days of the conclusion of the entire grievance review process. The appeal is then reviewed and a written response is provided to the prisoner. Copies of the IRR, the grievance, and the appeal, as well as the prison's response to each, are retained by the prison.

The MDOC procedure does not require, explicitly or implicitly, that a prisoner identify by name every prison official who was involved in an alleged violation of his rights. *See Jones*, 549 U.S. at 219. Likewise, the MDOC procedure does not require a prisoner to file separate IRRs for each claim against each prison official arising out of an "alleged incident"; a prisoner need only state "the subject of the complaint" in the IRR. [Doc. #79-1, at 52] The MDOC procedure contemplates that a single IRR might describe an "alleged incident" that is of such complexity that the IRR spans more than six pages. Such an incident might, of course, involve claims against more than one prison official, and for more than one violation of the prisoner's rights. Moreover, a grievance officer, not the prisoner, determines if a particular complaint is so complex that it warrants filing multiple IRRs, instead of a single IRR. Thus, the MDOC procedure anticipates that a prisoner may file a single IRR that identifies by name multiple perpetrators (though he is not required to) and describes multiple injurious acts. A prisoner who files such an IRR has properly exhausted each of his claims against each perpetrator for § 1983 purposes once he

4

has completed all three stages of the MDOC procedure and received a written response to his appeal.

### C. Motion to dismiss for failure to state a claim

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

Plaintiff alleges that he filed all of his claims, including his deliberate indifference claims, via a single IRR, and that he "completed the entire issues from IRR through grievance appeal." *Complaint*, pp. 2–3 (capitalization removed). Thus, the complaint alleges facts that are sufficient to plausibly maintain that

5

plaintiff fully exhausted his claims of deliberate indifference against Paul and Yancey. Therefore, the motion to dismiss under Rule 12(b)(6) is denied.

### D. Motion for summary judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

Paul and Yancey assert that plaintiff never filed an IRR that specifically named them or that presented claims of deliberate indifference to his medical

6

needs.  Paul and Yancey also argue that, even if plaintiff did file an IRR, he failed to exhaust his administrative remedies by not completing all three steps of the MDOC procedure.  Plaintiff states that he filed a single IRR that contained all of the claims he asserts in this suit, including those against Paul and Yancey.  He also states that he proceeded from the filing of that IRR through each of the three steps of the MDOC procedure.

The record before the Court includes an incomplete copy of a June 7, 2012, IRR and a copy of a document that refers to Paul's failure to examine plaintiff or refer him to a doctor when she went to his cell.  There is also a copy of an internal Corizon memorandum that refers to an IRR plaintiff filed concerning the events on June 3, 2012.  The memorandum addresses plaintiff's interactions with defendant Paul on June 3 and June 5 and her evaluation of his claimed injuries.  Also, documents have been submitted showing that review of the June 7 IRR was completed on July 11, 2012, and that plaintiff timely filed a grievance on July 18.  Additionally, there is a written response to the grievance from the PCC superintendent stating that plaintiff was "seen by medical" and that the "medical staff noted no injuries" on him.  [Doc. #48-1]  That statement supports plaintiff's assertion that the June 7 IRR described his complaints that the PCC medical personnel were deliberately indifferent to his medical needs.  Based on its review of the above documents, the Court finds that there is a genuine dispute as to whether plaintiff's IRR included deliberate indifference complaints against defendants Yancey and Paul and whether plaintiff filed a timely grievance.

With respect to the grievance appeal, plaintiff states in a declaration that he is unable to produce a copy because his prison cell was searched on June 23, 2013,

7

and many of his legal documents were taken from him and not returned. *Declaration, p. 2* [ECF Doc. # 113-1]. When a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify his opposition, the court may . . . deny [the motion]." Fed. R. Civ. P. 56(d)(1). In the grievance, plaintiff wrote that he would like to "[c]ontinue this complaint to the next stage of the grievance procedure." This statement lends credence to plaintiff's claim that he did pursue the appeal but he no longer has evidence of it. The Court finds that there remains a genuine issue of material fact as to whether plaintiff fully exhausted his administrative remedies with respect to the claims asserted against Yancey and Paul.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Heather Paul and Pamela Yancey to dismiss or, alternatively, for summary judgment [Doc. #78] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his response to defendants' motion [Doc. #115] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2015.