UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-1065-CEJ ) |
| DAVID NULL, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions of defendants Heather Paul and Pamela Yancey for summary judgment, pursuant to Fed. R. Civ. P. 56(a). Also before the Court is plaintiff's motion to strike the affidavit of William D. McKinney, M.D. The issues are fully briefed.

**I. Background**

Plaintiff Samuel Lewis Taylor was a prisoner at the Potosi Correctional Center (PCC) in June 2012. Defendants Paul and Yancey were then nurses at the PCC. In this action pursuant to 42 U.S.C. § 1983, plaintiff contends that Paul and Yancey were deliberately indifferent to his medical needs, in contravention of the Eighth Amendment.

According to the complaint, on June 4 plaintiff was involved in an altercation with prison guards during which one of them deliberately struck plaintiff's hand with a metal lock, causing injury to his middle finger. Plaintiff alleges that Yancey examined plaintiff but refused to provide medical treatment for his injury. Plaintiff later completed a Medical Service Request (MSR) form in which he reported that his "mouth and jaw" had "swelled up" in the wake of the altercation with the guards.

Paul arrived outside of plaintiff's cell on June 5 in response to the MSR. Though plaintiff did not complain of injury to his teeth in the MSR, he allegedly told Paul at that time that his front teeth were chipped as a result of the altercation with the guards. According to plaintiff, Paul "refused to come to [the] door to examine [his] injuries or give [him] any pain medications or refer [him] to [the] doctor."

On June 14, plaintiff was examined by a dentist, who observed "very small" incisal chips on three of plaintiff's teeth. The dentist contoured the damaged teeth, smoothing over the chips, but prescribed no other treatment. Plaintiff does not take issue with the dentist's course of treatment, and he has not submitted any medical or other evidence that the nine-day passage of time before his teeth were contoured had an injurious effect on him.

On June 27, the prison doctor, William D. McKinney, M.D., examined plaintiff's finger. He observed no bruising, swelling, or other defect. Plaintiff does not dispute the condition of his finger on June 27, merely what the condition of his finger had been weeks earlier. Dr. McKinney did not prescribe any course of treatment for the now-healed injury, an injury that had healed in the absence of any treatment. Plaintiff has not submitted any medical or other evidence that the approximately three-week delay before he was examined by Dr. McKinney had a deleterious effect on his finger injury.

Plaintiff also contends that he complained to Dr. McKinney during the June 27 examination that his jaw and mouth were swollen. However, Dr. McKinney did not note any swelling or other injury to plaintiff's jaw or mouth during that examination, and he did not prescribe any treatment for those injuries. Indeed, plaintiff does not dispute Dr. McKinney's assessment that he did not require any

2

medical treatment for the purportedly remaining injuries to his jaw and mouth. Plaintiff also has not submitted any medical or other evidence that the approximately three-week delay before he was examined by Dr. McKinney negatively affected his jaw and mouth injuries.

## II. Discussion

### Motion to Strike

Plaintiff moves to strike the affidavit of Dr. McKinney that is submitted in support of the motions for summary judgment. In his affidavit, Dr. McKinney attests to his personal observations of plaintiff's condition on June 27 and his opinion as to the appropriate course of treatment for plaintiff's condition at that time, which was none. Dr. McKinney's personal observations are admissible because he could testify to them at trial, and his medical assessment of plaintiff's condition at the time would also be admissible, because plaintiff does not dispute Dr. McKinney's assessment that, as of June 27, he required no treatment for his injuries. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on *personal knowledge*, set out facts that would be *admissible* in evidence, and show that the affiant or declarant is competent to testify on the matters stated." (emphasis added)); *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111–12 (8th Cir. 2005); *Buttice v. G.D. Searle & Co.*, 938 F. Supp. 561, 566 (E.D. Mo. 1996). Therefore, the motion to strike will be denied as to Dr. McKinney's observations and assessment of plaintiff's condition on June 27.

The affidavit also contains Dr. McKinney's opinions on other matters that are not based on his personal observations, such as his opinion about plaintiff's condition on June 3 through 5, before he examined plaintiff. Those opinions are

3

irrelevant to the present issues, the Court has not relied on them, and the motion to strike those opinions is therefore moot.

**<u>Motions for Summary Judgment</u>**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but "must set forth specific facts," by affidavit or other evidence, showing that a genuine issue of material fact exists. *United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to

4

serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison [officials] in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05.

Deliberate indifference involves both an objective and subjective analysis. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). The objective component requires a plaintiff to demonstrate an objectively serious medical need. *Id.* "A medical need is objectively serious if it either has been 'diagnosed by a physician as requiring treatment' or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014) (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

"The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." *McRaven v. Sanders*, 577 F.3d 974, 980 (8th Cir. 2009) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "Medical malpractice alone . . . is not actionable under the Eighth Amendment." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). A prisoner "must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Id.* (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). The subjective component requires "a mental state akin to criminal recklessness." *Vaughn*, 557 F.3d at 908 (quoting *Gordon v. Frank*, 454

5

F.3d 858, 862 (8th Cir. 2006)). A medical provider "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference." *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

It is undisputed that plaintiff was eventually examined by Dr. McKinney and by a dentist. He also does not dispute Dr. McKinney's decision that no treatment was necessary nor does he dispute the treatment administered by the dentist. Other than providing interim pain medication and referring him to the physician and the dentist sooner, plaintiff does not explain what Paul and Yancey could have done differently to address his injuries.

Plaintiff has put forth no evidence from which a reasonable jury could conclude that his interim pain was of such a degree that it required medication, and it was thus not objectively serious. *See Scott*, 742 F.3d at 340. He has also offered no evidence from which a reasonable jury could conclude the failure to provide interim pain medication demonstrated criminal recklessness, rather than medical malpractice, where it is undisputed that plaintiff's injuries were so minor that they did not warrant pain medication or other treatment before June 27. *See Popoalii*, 512 F.3d at 499. Therefore, there is no genuine dispute of material fact that Paul and Yancey's failure to provide plaintiff with interim pain medication does not establish deliberate indifference to his medical needs.

An allegation of delay in medical treatment does not support an Eighth Amendment violation in this case. "When the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, the objective seriousness of the deprivation should also be measured by reference to

6

the *effect* of delay in treatment." *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (quotation marks and citations omitted). In *Laughlin*, the Eighth Circuit held: "To establish this effect, the inmate must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Id.* (quotation marks and citations omitted). Where a prisoner "offer[s] no evidence establishing that any delay in treatment had a detrimental effect [he] thus fail[s] to raise a genuine issue of fact on an essential element of his claim," and "the grant of summary judgment . . . [is] proper." *Id.* (quotation marks and citations omitted).

Plaintiff has not submitted any medical or other evidence from which a reasonable jury could conclude that he suffered a detrimental effect from a delay in medical treatment. *See id.* It is uncontested that he required no medical treatment for the injuries to his finger, jaw, and mouth by the time he was examined on June 27. Because the injuries to those parts of plaintiff's body completely healed without the need for any treatment, the passage of time between the date of the injury and the date of treatment had no effect on plaintiff's prognosis. It is also uncontested that plaintiff required only contouring to fully repair his teeth on June 14. Because that damage was fully repaired, any delay in treatment also had no effect on the outcome. Consequently, Paul and Yancey are entitled to summary judgment on the plaintiff's delayed treatment claims.

*****

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike the affidavit of William D. McKinney, M.D. [Doc. #159] is **denied**.

**IT IS FURTHER ORDERED** that the motions of defendants Heather Paul and

7

Pamela Yancey for summary judgment [Docs. ##141, 144] are **granted**.

A separate Judgment in accordance with this Memorandum and Order will be entered at the conclusion of all proceedings in this matter.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2016.