UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-1065-CEJ ) |
| DAVID NULL, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM**

This matter is before the Court for consideration of whether or not to sanction plaintiff for failure to comply with a pretrial order. Previously, the Court ordered plaintiff to show cause why he should not be prohibited from presenting evidence at trial. Plaintiff has now responded.

### I. Background

On January 21, 2016, the Court issued an Order Relating to Trial which required the parties to file lists of witnesses and exhibits, proposed jury instructions, and other materials 30 days before the trial date. The deadline to mail those materials was Monday, July 18, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C). With respect to complying with that deadline, the parties were warned as follows:

> **Except for good cause shown, no party will be permitted to call any witness, or offer any exhibit, interrogatory answer, deposition testimony, or answer to a request for admissions that is not listed or disclosed in compliance with this Order.**

Concededly aware of the order, plaintiff did not move to extend the deadline. Nor did he timely file the required materials.

Consequently, on July 22, 2016, the Court issued the order to show cause. On August 1, 2016, plaintiff timely responded to the show cause order. His sole

explanation for not complying with the Order Relating to Trial is that he has no postage to mail the requisite materials. He states that he has been denied access to paper, writing utensils, and postage essential to the task. Alternatively, he appears to suggest that he has already drafted the pretrial compliance materials and merely lacks postage to mail them. In any event, his response consists of six handwritten pages, which he mailed to the Court in a stamped envelope.

Though plaintiff claims he has been stymied from purchasing additional writing implements and paper, he does not contend he lacked those items at the time the pretrial materials were due. His response to the show cause order allays all doubts he has those utensils now. Therefore, even assuming *arguendo* plaintiff could not timely draft his pretrial submissions, it is undisputed he could have drafted those documents with his response to the show cause order. He offers no explanation for filing a lengthy response yet not employing the resources at his disposal to comply with the Order Relating to Trial.

The same is true of plaintiff's claim that his noncompliance is attributable to a lack of postage. Plaintiff admits that he obtained multiple stamps on July 17, in time to mail the pretrial submissions by the July 18 deadline. But he did not do so. Further, even assuming *arguendo* he lacked sufficient postage to mail all the required documents, only one stamp would have been necessary to file a motion for extension of time. But he filed no such motion. In any event, he retained sufficient postage to respond to the order to show cause. Yet plaintiff did not include with that response the pretrial submissions, again without explanation. Finally, with only days remaining before trial, plaintiff does not suggest when or even if he will comply with the Order Relating to Trial.

## II. Legal Standard

Federal Rule of Civil Procedure 16(f)(1)(C) allows a district court to *sua sponte* issue sanctions on "a party" that "fails to obey a scheduling or other pretrial order." That Rule permits issuance of any sanction "authorized by Rule 37(b)(2)(A)(ii)–(vii)." Fed. R. Civ. P. 16(f)(1). In turn, as relevant here, Rule 37(b)(2)(A), Fed. R. Civ. P., authorizes sanctions that include, "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; . . . [or] (v) dismissing the action or proceeding in whole or in part . . . ."

Whether to issue such sanctions "is entrusted to [a] district court's sound discretion." *United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in U.S. Currency*, No. 15-1743, 2016 WL 3144679, at *2 (8th Cir. June 6, 2016). The factual question is "whether the evidence supports the chosen sanction." *Id.* (quotation marks and citation omitted). A district court's factual determinations undergirding the decision to issue sanctions, "including its 'determination that'" a party "'willfully disregarded court orders,'" will be upheld absent clear error. *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 572 (8th Cir. 2012) (quoting *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)). Where a party fails to comply with a pretrial order to, for example, "submit a statement of the case, exhibit list, witness list, list of deposition testimony, all motions in limine, proposed voir dire, joint proposed jury instructions, and a proposed special verdict form," sanctions are appropriate. *Siems v. City of Minneapolis*, 560 F.3d 824, 825–27 (8th Cir. 2009).

3

When sanctions are warranted, a "district court is not . . . constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000) (quotation marks and citation omitted). However, "dismissal is an extreme sanction that should be applied only where there is an order" requiring compliance, "a willful violation of the order, and prejudice to the other party." *Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents*, 2016 WL 3144679, at *2 (quotation marks and citation omitted). In determining whether a party willfully failed to comply with a court order, one consideration is whether the party "was simply incapable of complying" based on circumstances beyond his control—*e.g.*, "a serious health problem which required surgery." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008).

For those reasons, "before dismissing a case" pursuant to Rule 16(f)(1), "the court must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (quotation marks and citation omitted). But a "court dismissing under Rule" 16(f)(1) "need not investigate lesser sanctions when a party's violation is deliberate." *Id.* (quotation marks and citation omitted). Further, a "district court need not" find that a party "acted in bad faith, only that he acted intentionally[,] as opposed to accidentally or involuntarily." *Rodgers*, 135 F.3d at 1219 (quotation marks and citation omitted). Where a party's failure is either deliberate or in bad faith, it is also irrelevant whether prejudice to the opposing party is curable. *Comstock*, 775 F.3d at 992.

4

Additionally, even where the failure to comply with a court order is neither deliberate nor in bad faith, and the court is thus obliged to consider "imposing a lesser sanction," the court is not required to impose a sanction that would be "futile." *Bergstrom v. Frascone*, 744 F.3d 571, 575–76 (8th Cir. 2014). A lesser sanction is "futile" where, for example, "preventing introduction of the exhibits and testimony that [has] been rendered inadmissible by [a party's] failure to comply with the pretrial order would leave [the party] totally unable to prove his claims." *Siems*, 560 F.3d at 827 (quotation marks and citation omitted). A court also need not forgo dismissal where "any lesser sanction would" necessitate "further delay or force[]" the opposing party to try the case without required materials or information. *Rodgers*, 135 F.3d at 1222.

Finally, however, though "a court may dismiss a case with prejudice[,] . . . such a dismissal is a drastic and extremely harsh sanction that is only proper when there has been a clear record of delay or contumacious conduct by the plaintiff and lesser sanctions prove futile." *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (quotation marks and citation omitted). "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Id.* (quotation marks and citation omitted). A "dismissal without prejudice" is one such "less severe sanction." *Id.*; *see Woolman v. Time Warner*, 543 F. App'x 619, 619 (8th Cir. 2013) (citing *Schooley v. Kennedy*, 712 F.2d 372, 374 (8th Cir. 1983), for the proposition that the "lesser sanction of dismissal without prejudice militates against [a] finding that

5

[the district] court abused its discretion in dismissing" a plaintiff's case).

## III. Discussion

Plaintiff's explanation for his failure to comply with the Order Relating to Trial is wholly unconvincing. Plaintiff has filed numerous handwritten documents in this case over the last three years, including several motions in the weeks immediately preceding the pretrial compliance deadline. He has never before suggested he suffers for want of writing implements, and he does not claim those tools were confiscated. But even if plaintiff did not have pencil and paper on hand at the time of the pretrial compliance deadline, his written response to the order to show cause evidences that he had the materials to draft the requisite documents in time to avoid sanctions.

The same is true of plaintiff's suggestion that he failed to comply only because he lacked postage. He admits he possessed multiple stamps in time to meet the deadline. But plaintiff neither mailed any of the pretrial compliance documents on time nor filed a brief motion for extension of time to comply. In any event, plaintiff had postage to send a lengthy retort to the order to show cause, which demonstrates he could have instead mailed some or all of the pretrial materials in time to avoid being sanctioned for his noncompliance.

Plaintiff has not demonstrated that he was incapable of timely complying, or in time to avoid sanctions, due to circumstances beyond his control. *See Smith*, 526 F.3d at 405. Rather, plaintiff's failure to comply was neither accidental nor involuntary, as he appears to have had all of the tools necessary to draft and file his pretrial submissions by the deadline and, even if not, he admittedly had those resources in time to show cause why sanctions should not issue. *See Rodgers*, 135

F.3d at 1219.  Plaintiff therefore willfully and deliberately failed to comply with the Order Relating to Trial despite having been afforded ample opportunity to do so.  It is thus appropriate to sanction plaintiff for failing to comply.  *See Siems*, 560 F.3d at 825–27.

As for what sanction is appropriate, several considerations counsel dismissing plaintiff's case without prejudice.  As noted above, plaintiff was required to comply with the Order Relating to Trial and he willfully failed to do so.  *See Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents*, 2016 WL 3144679, at *2.  Defendants are clearly prejudiced by plaintiff's failure to identify witnesses and documents to be presented at trial.  Plaintiff's noncompliance has deprived defendants of their right to know who plaintiff's witnesses, exhibits and jury instructions will be and to lodge objections to them.  *See id.*  Defendants cannot adequately prepare for trial or present a defense at trial without such information.  Dismissal is thus warranted.

Plaintiff's deliberate noncompliance with the Order Relating to Trial also absolves the Court of the requirement to consider a less extreme sanction.  *See Comstock*, 775 F.3d at 992; *Rodgers*, 135 F.3d at 1219.  But even considering lesser sanctions, none would salve plaintiff's noncompliance.  Any appropriate lesser sanction would be futile because if plaintiff were merely prevented from introducing, *inter alia*, all witnesses, exhibits, depositions, and jury instructions at trial, he would be left "totally unable to prove his claims." *Siems*, 560 F.3d at 827.  Additionally, any sanction that did not include barring introduction of those foundational items would necessitate either further delay of the trial—in a case already over three years old—or would force defendants to try the case without

notice of key issues and evidence. *See Rodgers*, 135 F.3d at 1222.

Consequently, dismissal of plaintiff's claims is the only sufficient sanction to remedy his deliberate noncompliance. However, dismissal without prejudice is a "less severe sanction" than dismissal with prejudice, and is sufficient to remedy plaintiff's noncompliance without "irrevocably extinguishing" his claims. *Trotter*, 636 F. App'x at 373. Therefore, the Court will dismiss plaintiff's case without prejudice. In addition, the writ of habeas corpus ad testificandum that was previously issued to secure plaintiff's presence at trial will be rescinded.

An order of dismissal is filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of August, 2016.